RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

2018 JUL -5 AM 10: 44

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>JOSHUA CABRERA TORRES,<br>Defendant. | CRIMINAL NO. 17-558 (CCC) |

**PLEA AGREEMENT**
**(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))**

JCT

TO THE HONORABLE COURT:



COMES NOW, the United States of America, by and through its attorneys for the District of Puerto Rico: Rosa Emilia Rodríguez-Vélez, United States Attorney, Timothy Henwood, First Assistant United States Attorney, Jenifer Y. Hernandez-Vega, Assistant United States Attorney and Chief, Violent Crimes Unit, and Daynelle Alvarez Lora, Assistant United States Attorney, along with the defendant, Joshua Cabrera Torres, and his counsel, Jose Romo, Esq., and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

The defendant agrees to plead guilty to Counts One, Two, and Six of the Indictment, violations of 18 U.S.C. §§ 922(a)(1)(A).

**Count One:**

Beginning on a date unknown through on or about February 22, 2017 in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, **JOSHUA CABRERA TORRES**, not

being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, namely a Steyr pistol, model S40, .40 caliber, bearing serial number 025730, with one (1), ten (10) round capacity magazine, and six (6) rounds of .40 caliber ammunition. All in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

**Count Two:**

Beginning on a date unknown through on or about February 27, 2017 in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, **JOSHUA CABRERA TORRES**, not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, namely, a Colt pistol, model Commander, .45 caliber, bearing serial number CLW032301, with two (2), eight (8) round loaded magazines, and sixty-five (65) additional rounds of .454 caliber ammunition. All in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

**Count Six:**

Beginning on a date unknown through on or about April 18, 2017 in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, **JOSHUA CABRERA TORRES**, not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, namely, a Romarm pistol, model M10 545, caliber 5.45x39, bearing serial number 3-06762-97, and one (1), 5.45x39 mm, thirty (30) round capacity magazine. All in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

2. **STATUTORY MAXIMUM PENALTIES**

The maximum statutory penalty for the offense charged in Counts One, Two, and Six of the Indictment, a class D felony, is a term of imprisonment of not more than five (5) years, pursuant to 18 U.S.C. §924(a)(1)(D); a fine not to exceed two hundred fifty thousand dollars ($250,000.00), pursuant to 18 U.S.C. §3571(b)(3); a supervised release term of not more than three (3) years, pursuant to 18 U.S.C. §3583(b)(2); and a Special Monetary Assessment of one hundred dollars ($100.00), pursuant to 18 U.S.C. §3013(a)(2)(A).

3. **SENTENCING GUIDELINES APPLICABILITY**

The defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). Further, the defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

4. **SPECIAL MONETARY ASSESSMENT**

The defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

5. **FINES AND RESTITUTION**

The defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines and restitution.

## 6. RULE 11(c)(1)(B) WARNINGS

The defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the Guidelines Policy Statements, Application, and Background Notes. Further, the defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained herein. The defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant is pleading guilty. The defendant is aware that the Court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence investigation report. See Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement. See Fed. R. Crim. P. 11(c)(3)(B).

## 7. APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES

The defendant is aware that pursuant to the decision issued by the Supreme Court of the United States in the case of United States v. Booker, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and the defendant submit the following advisory Guideline calculations:

| Sentencing Guidelines Calculations Table<br>Counts One, Two, and Six ||||||||||
|---|---|---|---|---|---|---|---|---|---|
| Base Offense Level | U.S.S.G. § 2K2.1(a)(7) ||||||||  12 |
| Enhancement | U.S.S.G. § 2K2.1 (b)(5) (trafficking of firearms) |||||||| +4 |
| Enhancement | U.S.S.G. § 2K2.1 (b)(1)(A) (3 firearms) |||||||| +2 |
| Acceptance | Acceptance of Responsibility, U.S.S.G. § 3E1.1 |||||||| -3 |
| Sentencing Ranges | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI | Total Offense Level | 15 |
|  | 15 | 018-024 | 021-027 | 024-030 | 030-037 | 037-046 | 041-051 |  |  |

JCT

8. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do **not** stipulate as to any Criminal History Category for Defendant.

9. **SENTENCE RECOMMENDATION**

After consideration of all factors in 18 U.S.C. § 3553(a), as to Counts One, Two, and Six the parties agree to recommend a sentence within the applicable sentencing guideline range at total adjusted offense level of 15, when combined with the criminal history category determined by the Court. The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea Agreement. Defendant agrees that the sentencing recommendation set forth herein is reasonable pursuant to Title 18, United States Code, Section 3553(a).

10. **WAIVER OF APPEAL**

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 27 months of imprisonment or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

11. **NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and the defendant agree that no further adjustments or departures to the defendant's total adjusted base offense level shall be sought. The parties agree that any request by the defendant for an adjustment or departure will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

12. **SATISFACTION WITH COUNSEL**

The defendant represents to the Court that he is satisfied with counsel, Jose Romo, and asserts that counsel has rendered effective legal assistance.

13. **RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

The defendant understands that by entering into this Plea Agreement he surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

   a. If the defendant had persisted in a plea of not guilty to the charges, he would have had the right to a speedy jury trial with the assistance of counsel. The trial could be conducted by a judge sitting without a jury if the defendant, the United States and the judge agreed.

   b. If a jury trial were conducted, the jury would be composed of twelve lay persons selected at random. The defendant and his attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification were shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed

innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt, and that it would have to consider each charge separately.

c. If a trial were held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and the defendant's attorney would be able to cross-examine them. In addition, prior to trial the defendant would be entitled to discovery of material, impeachment information concerning government witnesses, and defendant would be entitled to use this information during cross-examination. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

e. At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from his refusal to testify. If Defendant desired to do so, he could testify on his own behalf.

14. **STIPULATION OF FACTS**

The accompanying Stipulation of Facts signed by the defendant is hereby incorporated into this Plea Agreement. The defendant adopts the Stipulation of Facts and agrees that the facts therein are

accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

15. **LIMITATIONS OF PLEA AGREEMENT**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant. It does not bind any other federal, district, state, or local authorities.

16. **ENTIRETY OF PLEA AGREEMENT**

This written agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations, except as set forth in writing in this Plea Agreement, and denies the existence of any other term and conditions not stated herein.

17. **AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

18. **VOLUNTARINESS OF GUILTY PLEA**

The defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

**(INTENTIONALLY LEFT BLANK)**

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

_____
**Timothy Henwood**
First Assistant U.S. Attorney
Dated: 6-21-18

_____
**Jenifer Y. Hernandez-Vega**
Assistant U.S. Attorney
Chief, Violent Crimes Unit
Dated: 6/21/2018

_____
**Daynelle Alvarez Lora**
Assistant United States Attorney
Violent Crimes Unit
Dated: 6/21/18

_____
**Jose Romo, Esq.**
Counsel for Defendant
Dated: 6/25/18

_____
**Joshua Cabrera Torres**
Defendant
Dated: 5 de julio 2018

## UNDERSTANDING OF RIGHTS

I have consulted with my attorney and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. My attorney has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I fully understand this Plea Agreement and voluntarily agree to it.

Date: 5 de julio 2018

_Joshua Cabrera Torres_
**Joshua Cabrera Torres**
Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea Agreement with the defendant. I have translated the Plea Agreement and explained it in the Spanish language to the defendant who has expressed no doubts as to the contents of the Plea Agreement. To my knowledge, the defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of a plea of guilty.

Date: 6/25/18

_Jose Romo_
**Jose Romo, Esq.**
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America and the defendant, German Arce Seda, agree that the following is a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for violating Title 18, United States Code, Sections 922(a)(1)(A) and 922(o).

Beginning on a date unknown through on or about February 22, 2017 in Hato Rey, Puerto Rico, the defendant, Joshua Cabrera Torres, willfully and knowingly possessed, negotiated and sold a ~~machine gun~~, namely a Steyr pistol, model S40, .40 caliber, bearing serial number 025730, with one (1), ten (10) round capacity magazine, and six (6) rounds of .40 caliber ammunition to a buyer for $1,000.

On or about February 27, 2017 in Hato Rey, the defendant willfully negotiated and sold a Colt pistol, model Commander, .45 caliber, bearing serial number CLW032301, with two (2), eight (8) round loaded magazines, and sixty-five (65) additional rounds of .454 caliber ammunition to a buyer for $1,000.

Furthermore, April 18, 2017 in Guaynabo, the defendant willfully negotiated and sold a Romarm pistol, model M10 545, caliber 5.45x39, bearing serial number 3-06762-97, and one (1), 5.45x39 mm, thirty (30) round capacity magazine to a buyer for $2,300.

For purposes of this Plea Agreement, the defendant acknowledges that he engaged in the business of dealing firearms without being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code.

Had this matter proceeded to trial, the United States would have presented the testimony of law enforcement agents, video and audio recordings, as well as physical and documentary evidence,

to prove beyond a reasonable doubt that Joshua Cabrera Torres is guilty of violating Title 18, <u>United States Code</u>, Sections 922(a)(1)(A).

Discovery was made available to Defendant in a timely manner for review.

_____
**Daynelle Alvarez Lora**
Assistant United States Attorney
Dated: 6/21/18

_____
**Jose Romo, Esq.**
Counsel for Defendant
Dated: 7/5/2018

_____
**Joshua Cabrera Torres**
Defendant
Dated: 5 de julio 2018